# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**AARON FLEMONS**                                                                                                **PLAINTIFF**
**ADC #119749**

v.                                              Case No. 2:22-cv-00176-LPR

**MARCUS ETHERLY, Captain,**
**EARU Maximum Security Unit,** *et al.*                                               **DEFENDANTS**

## ORDER

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Joe J. Volpe (Doc. 148) and the Plaintiff's Objections (Doc. 152).[1] After a *de novo* review of the RD, along with careful consideration of the Objections and the entire record, the Court hereby approves and adopts the RD in its entirety as this Court's findings and conclusions in all respects—with a few important caveats and additions.

1.      Summary judgment on all the official-capacity claims is warranted because there is no evidence in the record of a policy, custom, practice, or plan (of the ADC or of any other entity) that caused or motivated the alleged unlawful acts in this case. To the extent any submissions by Mr. Flemons could be construed as contending otherwise, such contentions are supported by nothing more than impermissible speculation.

2.      With the official-capacity claims out of the picture, the Court agrees with the RD that Mr. Flemons's recounting of what he had been told by two LPNs constitutes inadmissible hearsay that cannot be used at summary judgment to create a genuine dispute of material fact. The

---

[1] Plaintiff has also made several other submissions since the RD was entered on the docket. *See* Plaintiff's Motion for Appointment of Expert and Examining Doctor (Doc. 149), Plaintiff's Motion for Extension of Time (Doc. 150), Plaintiff's Motion to Consider Belated Objections or in the Alternative Reconsider Decision of Untimely Filing (Doc. 153), and a Declaration (Doc. 154). Out of an abundance of caution, the Court has treated these submissions as Objections to the extent they state or imply disagreement or dissatisfaction with the RD.

LPNs that allegedly made the statements are not Defendants in this case nor are they agents or employees of the Defendants. In short, Federal Rule of Evidence 801(d)(2) does not apply. Nor does any other hearsay rule or hearsay exemption save the alleged statements from inadmissibility.

3. The mere fact that permethrin cream was prescribed on at least one occasion is not enough to create a genuine issue of disputed fact as to whether Mr. Flemons had scabies. On this record, no reasonable jury could conclude that Mr. Flemons had scabies.[2]

4. Even assuming (counterfactually) that Mr. Flemons was diagnosed with scabies at one of his medical visits prior to September 4, 2022, there is no evidence whatsoever that any of the medical staff told any ADC Defendants that Mr. Flemons had scabies.[3] So the ADC Defendants would have had no way to know they should implement the more thorough cleaning protocol required for scabies patients. That means that, to the extent any of Mr. Flemons's claims are based on the ADC Defendants' failure to clean his cell under an enhanced scabies protocol, there's no record evidence of deliberate indifference.

5. On page 13, the RD states that "there is no evidence [Mr. Flemons] suffered an injury as a result of living [in cell M38L] for six days . . . ."[4] Other portions of the RD, however, show that the Magistrate Judge understood that Mr. Flemons lived in cell M38L for more than six days.[5] It is clear from the overall context of the RD that the discussion of six days here was referring to the number of days between Mr. Flemons's moving to cell M38L and Mr. Flemons's being given cleaning products to clean the cell. The RD's point was that habitation in a

---

[2] This is true for any time period, but certainly true as to the time period ending on September 4, 2022. As the RD correctly explains its footnote 2, the Court's prior ruling on administrative exhaustion means that no claims in this case can be based on events occurring on or after September 4, 2022.

[3] RD (Doc. 148) at 4.

[4] *Id.* at 13.

[5] *Id.* at 3–5, 10.

to-some-degree filthy cell for those six days did not constitute a serious harm or substantial risk of serious harm in light of binding and persuasive caselaw in somewhat analogous fact patterns.

6. The Court believes that the safest thing to do with the state medical malpractice claims is to decline to exercise supplemental jurisdiction over them as discussed on page 8 of the RD. With the resolution of all the federal claims in this case, the Court has (and hereby exercises) the option of dismissing the remaining state law claims without prejudice such that a plaintiff could seek to take them up in state court.

Given the foregoing, including the Court's nearly wholesale adoption of the RD, the Medical Defendants' Motion for Summary Judgment (Doc. 125) is GRANTED IN PART while the ADC Defendants' Motion for Summary Judgment (Doc. 128) is GRANTED IN FULL. Judgment is granted in favor of Defendants Douglas and Hatchett on the portions of Mr. Flemons's Eighth Amendment claims against them that have not been dismissed by prior Orders of the Court. But—different from what these Defendants wanted—Mr. Flemons's Arkansas Medical Malpractice claims are dismissed without prejudice. Judgment is granted in favor of Defendants Etherly and Kelly on the portions of Mr. Flemons's Eighth Amendment claims against them that have not been dismissed by prior Orders of the Court.

This case will now be CLOSED.[6] The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

---

[6] Plaintiff's Motion for Appointment of Expert and Examining Doctor (Doc. 149) is DENIED because the Court agrees with the RD's conclusion that no additional expert testimony is necessary to decide this case. *See* RD (Doc. 148) at 7. Plaintiff's Motion to Consider Belated Objections or in the Alternative Reconsider Decision of Untimely Filing (Doc. 153) is moot because the Court is considering as timely objections all papers filed by the Plaintiff between the issuance of the RD and the date of today's Order.

IT IS SO ORDERED this 9th day of September 2024.

                                                          LEE P. RUDOFSKY  
                                                          UNITED STATES DISTRICT JUDGE